IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-50958
Summary Calendar

ROBERT R. SCHWARTZ,

                                                                Plaintiff-Appellant,

versus

ANN VENEMAN, Secretary,
United States Department of Agriculture,

                                                                Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. W-99-CV-209)
_____

March 23, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

       Plaintiff-appellant Robert Schwartz appeals the district court's entry of

summary judgment in favor of the United States Department of Agriculture

_____

       [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

(USDA).  Schwartz sued under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.  Schwartz contends that he was passed over for promotion to Senior Auditor because of his age.  We agree with the order of the district court and affirm.

Once a plaintiff has made out a prima facie case of age discrimination, the burden of production shifts to the defendant to show a nondiscriminatory reason for the contested action.  *See Reeves v. Sanderson Plumbing Prod. Inc.*, 120 S.Ct. 2097, 2106 (2000).  The plaintiff then must show that the reason given was a pretext.  *See id*.  The plaintiff's prima facie case, combined with sufficient evidence of pretext, may permit the trier of fact to conclude that the employer discriminated unlawfully.  *See id*. at 2109.  Whether judgment as a matter of law is appropriate depends on the circumstances of the particular case.  *See id*.

Here, the USDA contends it decided not to promote Schwartz because he had limited auditing experience and less seniority at his position than some of the other candidates, including Pat Lachowsky, who was eventually selected.  Regional Inspector General (RIG) Jack Leavy, who made the decision to promote Lachowsky, relied on Schwartz's immediate supervisor Wayne Bynum to assess Schwartz's candidacy.  Bynum commented that Schwartz was a "good man" but not ready for the promotion.  This assessment was based in part on Schwartz's lack of

attention to detail in a particular assignment. Nothing in the record suggests that Bynum's assessment was in bad faith. Furthermore, Schwartz does not dispute that he had less seniority than the candidates who were considered for the position, or that seniority was a relevant, if not dispositive, factor in the decision. We find Schwartz's evidence insufficient to create a fact dispute as to pretext.

Schwartz also tries to prove age discrimination by showing that USDA had a pattern or practice of discriminating on the basis of age. Schwartz relies on a chart he produced showing that from the time he started at the USDA until he was passed over for promotion, there were seven promotions to the position he sought, and all of them favored younger candidates. The USDA responds by pointing out that in the seventeen decisions Leavy made while serving as RIG, he chose candidates over forty ten times (and candidates over fifty three times.) We agree with the district court that without evidence that the data he presents is statistically significant, Schwartz cannot show a pattern or practice of discrimination.

AFFIRMED.